Charles A. DINGLE, Plaintiff–Appellant,

v.

Anthony ZON, Jeff Carter, James Conway, Sargeant, Richard Savage, K. Bellamy, Defendants–Appellees.

No. 02–0058.

United States Court of Appeals, Second Circuit.

June 1, 2006.

Traci L. Lovitt, Jones Day, New York, N.Y. (Benjamin B. Walther; Glen D. Nager, Jones Day, Washington, D.C., on the brief), for Plaintiff–Appellant.

Julie S. Mereson, Assistant Solicitor General, Albany, N.Y. (Eliot Spitzer, New York Attorney General, Nancy A. Spiegel, Senior Assistant Solicitor General, on the brief), for Defendants–Appellees.

Present: ROGER J. MINER, ROSEMARY S. POOLER, Circuit Judges, JED S. RAKOFF,[1] District Judge.

---

1. The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York sitting by designation.

## SUMMARY ORDER

Plaintiff-appellant Charles Dingle appeals from a grant of summary judgment by the United States District Court for the Western District of New York (Foschio, M.J.) in favor of defendants-appellees Anthony Zon et al. ("defendants") on Dingle's Section 1983 claims for First and Fourteenth Amendment violations. On appeal, Dingle also raises a claim for violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq. The lower court did not consider this claim. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

■ We turn first to Dingle's RLUIPA claim. The district court did not have an opportunity to consider the claim because Dingle filed his complaint in May 2000, five months prior to the enactment of RLUIPA in September 2000. *See* RLUIPA, Pub.L. No. 106–274, 114 Stat. 803 (codified at 42 U.S.C. § 2000cc, et seq.). We therefore remand so that the lower court may consider in the first instance whether Dingle is entitled to RLUIPA relief. *See Loyal Tire & Auto Ctr., Inc. v. Town of Woodbury*, 445 F.3d 136, 151 (2d Cir.2006).

■ In so doing, we note that Dingle's complaint liberally construed may be read to include a claim for RLUIPA relief despite that his complaint does not specifically ask for such relief. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen [a] plaintiff proceeds *pro se*, as in this case, a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Because the complaint *could support* a claim under RLUIPA—despite that the face of the complaint alleges only specific, constitutional violations—the district court has an obligation to consider the claim. *Id.* at 199 n. 2. "It is well established that the failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." *Id.* (internal quotation marks omitted).

Turning next to Dingle's Section 1983 claims, we find that the lower court erred in granting summary judgment on these claims, and we vacate and remand its decision. In reaching its decision, the court properly chose the framework set forth in *Turner v. Safley*, 482 U.S. 78, 89–90, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), to conduct its analysis, but it erred in its application of this test. Specifically, we find that the court erred in its application of the first *Turner* factor.

■ The first *Turner* factor has two components, one of which is neutrality. *Id.* at 90, 107 S.Ct. 2254. The district court erred in granting summary judgment on this claim because there existed an issue of material fact over whether defendants were applying their policy neutrally. Dingle has provided affidavits that inmates, of other faiths, have been permitted to act as facilitators in the absence of a chaplain and in the absence of civilian volunteers. Assuming the truth of this evidence, as we must on summary judgment, *see Frommert v. Conkright*, 433 F.3d 254, 262 (2d Cir.2006), it appears that defendants have failed to satisfy the first prong of *Turner*. We therefore vacate and remand the lower court's dismissal of this claim.

■ For the same reason, we vacate and remand the district court's dismissal of Dingle's Equal Protection claim. Although *Turner* was developed in the First Amendment context, this Court has used it as the framework in which to analyze Equal Protection claims. *See Benjamin v. Coughlin*, 905 F.2d 571, 575 (2d Cir.1990). We have explained that as to such Equal Protection claims, "the reasonableness of the prison rules and policies must be ex-

amined to determine whether distinctions made between religious groups in prison are reasonably related to legitimate penological interests." *Id.*

As already mentioned, Dingle has proffered numerous affidavits containing evidence that inmates of other faiths have been permitted to act as facilitators even in the absence of a chaplain or civilian volunteers. The lower court rejected these affidavits, finding them incredible, conclusory, and containing hearsay.

The lower court erred by making a credibility determination on a motion for summary judgment. *See Beatie v. City of New York,* 123 F.3d 707, 710 (2d Cir.1997). The court also erred in finding that the affidavits were conclusory. Rather, they were sworn statements about events that the affiants witnessed. *See Scott v. Coughlin,* 344 F.3d 282, 289 (2d Cir.2003) ("These sworn statements are more than mere conclusory allegations subject to disregard; they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion." (internal citation omitted)). Similarly, the district court erred in rejecting one of the affidavits on hearsay grounds. That affidavit contains a statement about events that the affiant witnessed, and it is therefore not hearsay. *Cf. United States v. Garcia,* 413 F.3d 201, 211–12 (2d Cir.2005).

For the foregoing reasons, we vacate and remand the decision of the lower court. In light of the important constitutional issues raised by this case, we also instruct the district court to appoint counsel for Dingle on remand. Given current counsel's familiarity with the case, we recommend that, if feasible, the district court re-appoint current counsel to represent Dingle on remand.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **VACATED** and the case **RE-MANDED.**